# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF  CONNECTICUT
### NEW HAVEN  DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| Victoria Marie Dare | § | Case No. 17-30181 |
| | § | |
| Debtor | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1.  A petition under chapter  7  of the United States Bankruptcy Code was filed on 02/16/2017 .   The undersigned trustee was appointed on  02/16/2017 .

2.  The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3.  All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4.  The trustee realized gross receipts of                     $            50,000.00

Funds were disbursed in the following amounts:

| | |
|---|---|
| Payments made under an interim disbursement | 0.00 |
| Administrative expenses | 0.00 |
| Bank service fees | 0.00 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |

Leaving a balance on hand of[1]                    $            50,000.00

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

5.   Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6.   The deadline for filing non-governmental claims in this case was  02/05/2018  and the deadline for filing governmental claims was  02/05/2018 . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7.   The Trustee's proposed distribution is attached as **Exhibit D**.

8.   Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 3,140.24 .  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $ 0.00  as interim compensation and now requests a sum of $ 3,140.24 , for a total compensation of $ 3,140.24 [2].  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 110.54 , for total expenses of $ 110.54 [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:  09/25/2018                           By:/s/George Roumeliotis, Chapter 7 Trustee
                                                          Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

FORM 1
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 17-30181 | AMN | Judge: | Ann M. Nevins | Trustee Name: | George Roumeliotis, Chapter 7 Trustee |
| Case Name: | Victoria Marie Dare | | | | Date Filed (f) or Converted (c): | 02/16/2017 (f) |
| | | | | | 341(a) Meeting Date: | 04/11/2017 |
| For Period Ending: | 09/25/2018 | | | | Claims Bar Date: | 02/05/2018 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1.  12 Side Hill Road<br>North Haven Ct 06473-0000 New Haven | 300,000.00 | 0.00 | | 0.00 | FA |
| 2.  Household Items | 6,500.00 | 0.00 | | 0.00 | FA |
| 3.  Clothing | 1,000.00 | 0.00 | | 0.00 | FA |
| 4.  Jewelry | 1,500.00 | 0.00 | | 0.00 | FA |
| 5.  People's Bank Checking | 700.00 | 0.00 | | 0.00 | FA |
| 6.  People's Bank Savings | 4,000.00 | 0.00 | | 0.00 | FA |
| 7.  People's Bank Checking | 4,000.00 | 0.00 | | 0.00 | FA |
| 8.  Liberty Bank Savings | 500.00 | 0.00 | | 0.00 | FA |
| 9.  Key Bank Stock | 350.00 | 0.00 | | 0.00 | FA |
| 10. Tax Refund<br>Federal | 2,500.00 | 0.00 | | 0.00 | FA |
| 11. Geddes V. Tenner 16-6060749 Pending In New Haven | 0.00 | 50,000.00 | | 50,000.00 | FA |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)          $321,050.00          $50,000.00          $50,000.00          $0.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Case is ready to close.

RE PROP #     11   --   Claim was resolved through binding arbitration which was approved by the Bankruptcy Court by Order dated 3/28/18 (Document ID 29).  Through the arbitration process, the matter was resolved for a $50,000 payment made to the estate.  In light of the small amount of creditor claims and the anticipated surplus that would exceed her exemption in the claim, the Debtor waived her exemption through an amendment to Schedule C filed on September 24, 2018 (Document ID 34).

Exhibit A

Initial Projected Date of Final Report (TFR): 12/31/2018          Current Projected Date of Final Report (TFR): 12/31/2018

FORM 2

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Case No: 17-30181

Case Name: Victoria Marie Dare

Taxpayer ID No: XX-XXX2742

For Period Ending: 09/25/2018

Trustee Name: George Roumeliotis, Chapter 7 Trustee

Bank Name: Union Bank

Account Number/CD#: XXXXXX3535

Checking

Blanket Bond (per case limit): $19,960,270.00

Separate Bond (if applicable):

Exhibit B

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 07/31/18 | 11 | Nationwide Insurance P.O. Box 182166 Columbus, OH 43218-2166 | Compromise settlement amount to resolve personal injury claim, per Bankruptcy Court Order dated 3/28/18 (Doc. ID 29) and Arbitrator's Decision dated July 2, 2018 | 1142-000 | $50,000.00 | | $50,000.00 |

| | | |
|---|---|---|
| COLUMN TOTALS | $50,000.00 | $0.00 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $50,000.00 | $0.00 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $50,000.00 | $0.00 |

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*          Page Subtotals:          $50,000.00          $0.00

Exhibit B

TOTAL OF ALL ACCOUNTS

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX3535 - Checking | $50,000.00 | $0.00 | $50,000.00 |
| | $50,000.00 | $0.00 | $50,000.00 |
| | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $50,000.00 |
| Total Gross Receipts: | $50,000.00 |

Exhibit C

ANALYSIS OF CLAIMS REGISTER

Case Number:  17-30181                                          Date: September 25, 2018

Debtor Name:  Victoria Marie Dare

Claims Bar Date:  2/5/2018

| Code # | Creditor Name and Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|--------|---------------------------|-------------|-------|-----------|---------|---------|
| 1<br>300<br>7100 | Capital One Bank, N.A.<br>By American InfoSource, LP<br>as Agent<br>PO Box 71083<br>Charlotte, NC 28272-1083 | Unsecured | Claim reviewed<br>9/24/18; allow | $2,313.00 | $2,313.70 | $2.313.70 |
| | Case Totals | | | $2,313.00 | $2,313.70 | $2,313.70 |

Code#:  Trustee's Claim Number, Priority Code, Claim Type (UTC)

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 17-30181
Case Name: Victoria Marie Dare
Trustee Name: George Roumeliotis, Chapter 7 Trustee

Balance on hand                                              $           50,000.00

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: George Roumeliotis | $      3,140.24 | $      0.00 | $      3,140.24 |
| Trustee Expenses: George Roumeliotis | $      110.54 | $      0.00 | $      110.54 |
| Attorney for Trustee Fees: Gesmonde Pietrosimone & Sgrignari LLC | $    16,666.67 | $      0.00 | $    16,666.67 |
| Attorney for Trustee Expenses: Gesmonde Pietrosimone & Sgrignari LLC | $      1,637.23 | $      0.00 | $      1,637.23 |

Total to be paid for chapter 7 administrative expenses        $         21,554.68

Remaining Balance                                            $         28,445.32

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 2,313.07  have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be  100.0  percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Capital One Bank (USA), N.A. | $         2,313.07 | $         0.00 | $         2,313.07 |

| | | |
|---|---|---|
| Total to be paid to timely general unsecured creditors | $ | 2,313.07 |
| Remaining Balance | $ | 26,132.25 |

Tardily filed claims of general (unsecured) creditors totaling $ 0.00  have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be  0.0  percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00  have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be  0.0  percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

To the extent funds remain after payment in full to all allowed claims, interest will be paid at the legal rate of  0.8 % pursuant to 11 U.S.C. § 726(a)(5). Funds available for interest are $ 34.68 . The amounts proposed for payment to each claimant, listed above, shall be increased to include the applicable interest.

The amount of surplus returned to the debtor after payment of all claims and interest is $ 26,097.57 .